### KELLY v. JUTTE & FOLEY CO.

(Circuit Court, E. D. Pennsylvania. December 21, 1899.)

MASTER AND SERVANT—INJURY OF SERVANT—FELLOW SERVANTS.

The fact that an employé of a corporation having a contract for the building of a bridge is made foreman over a number of the other men engaged in the work does not make him a vice principal or representative of the corporation as to such men, nor change his relation as a fellow servant, where he is himself under the direct orders of two superiors in the work.

This was an action by a servant against a master to recover for a personal injury. On motion by defendant for judgment non obstante veredicto.

E. Spencer Miller, for plaintiff.
Jos. H. Taulane and Richard P. White, for defendant.

McPHERSON, District Judge. The decision of this motion depends upon the relation that Bennett sustained to the plaintiff. If the relation was that of a fellow servant, the plaintiff cannot recover. If it is that of vice principal, the verdict in his favor should stand.

The facts are undisputed, and I shall not repeat them. No doubt, there is some room for difference of opinion concerning the conclusion that ought to be drawn, but to my own mind it seems sufficiently plain that Bennett was a fellow servant. I think two reasons support this view: First. The enterprise itself—the building of a bridge over the Schuylkill river—was a single undertaking, not varied or extensive enough to admit of distinct departments, and therefore all persons employed upon it in a subordinate capacity were fellow servants. Second. Bennett's authority was so limited, he was himself so much under orders,—having at least two superiors in the particular work committed to his care,—that I cannot regard him as directly intrusted with the exercise of the corporate power of control and management. He was third in rank from the corporation,—a subordinate himself; and the fact that he was also the foreman of a gang of workmen, with a certain authority over

them, did not of itself make him the representative of their and his ultimate principal.

The plaintiff argues, also, that the verdict should be supported because the uncontradicted testimony shows that the defendant failed to supply the plaintiff with a safe place and a safe appliance; his contention being that, although the court instructed the jury otherwise at the trial, the instruction was erroneous, and that the verdict is therefore right, even if it rests upon a wrong foundation. I am unable to agree that the ruling was mistaken. I am still of opinion that the defendant fulfilled its duty to furnish a safe place and a safe appliance. If either became unsafe, it was because of Bennett's failure to inspect the derrick, or, perhaps, because of the rigger's failure to bolt the block fast, or of the engineer's negligence in starting the engine too soon. But, whoever may have caused the place or the appliance to become dangerous, he was a fellow servant; and, in the present state of the law, his negligence does not make the master liable.

Judgment will be entered for the defendant, notwithstanding the verdict.